A91A0693. GEORGIA PUBLIC SERVICE COMMISSION v. CHARLES H. TURNER, INC.
(407 SE2d 113)

COOPER, Judge.

Appellee, Charles H. Turner, Inc. d/b/a Credit Trust Company, is a debt collection agency whose primary business is the collection of hospital and doctor debts within the State of Georgia. In January of 1990, appellee filed with the Georgia Public Service Commission (the "Commission") an Application for Permit to Use Automatic Dialing and Announcing Devices ("ADAD"). ADAD equipment automatically dials telephone numbers and plays a pre-recorded message when calls are received, and its use in Georgia has been strictly regulated by OCGA §§ 46-5-23 and 46-5-24. The appellee's proposed use of the equipment to collect bills is specifically authorized by OCGA § 46-5-23 (b) (3), which allows for the use of ADAD equipment when "[c]alls made with ADAD equipment relate to collection of lawful debts." It is undisputed that appellee's application contained information which satisfied the minimum requirements for the lawful use of ADAD equipment set forth in OCGA § 46-5-23 (a) (2) and complied with the rules and regulations promulgated by the Commission. Nevertheless, the Commission denied appellee's application for a permit because it

believed it was not in the public interest for ADAD equipment to be used for the collection of doctor and hospital bills. After appellee's request for reconsideration was denied by the Commission, the appellee sought judicial review of the Commission's order in superior court. This appeal follows the trial court's order reversing the Commission's denial of appellee's application and ordering that an ADAD permit be granted to appellee.

1. In its first enumeration of error the Commission argues that OCGA § 46-5-23 (d) expressly provides the Commission with discretionary authority to grant or deny ADAD permits even in those circumstances where the applicant has met all of the requirements for issuance of a permit set forth in OCGA § 46-5-23 (a) (2). The pertinent portion of OCGA § 46-5-23 (d) states: "The provisions of this Code section shall supersede any prior rule, regulation, or order of the commission governing the use of ADAD equipment but shall not prohibit or supersede any future rule, regulation, or order of the commission governing the use of ADAD equipment except to the extent that any such rule, regulation, or order directly conflicts with this subsection." It is the Commission's contention that this language expressly authorizes the Commission to consider other factors besides the minimum requirements set forth in OCGA § 46-5-23 (a) (2) in its determination whether to grant or deny an ADAD permit. We disagree.

"Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation. [Cit.]" *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987). Looking to the language of OCGA § 46-5-23, we note that unlike the legislature's delegation to the Commission of discretionary authority to issue Certificates of Public Convenience and Necessity under OCGA § 46-7-2 et seq., the legislature has failed to include any language in this statute which could possibly be construed as a similar grant of discretionary authority. OCGA § 46-5-23 (d) merely authorizes the Commission to promulgate rules and regulations within the scope of the legislative enactment which are not in direct conflict with the statute. By enacting OCGA § 46-5-23, the legislature authorized the use of ADAD equipment in Georgia, provided that such use is in strict compliance with the restrictions set forth in the statute. If the legislature had intended to allow the Commission to exclude certain classes of potential ADAD users, such as medical bill collectors, from the benefits of the statute, they could have expressly so provided and could have offered guidelines for the Commission to consider when exercising such discretion. Although we are sympathetic to the Commission's feelings about ADAD equipment being used to assist in the collection of medical bills, we are constrained to conclude that OCGA § 46-5-23 does not endow the Commission

with discretionary authority to grant or deny ADAD permits where the objective standards set forth in OCGA § 46-5-23 (a) (2) have been met.

2. In its second enumeration of error the Commission argues that the legislature has delegated to the Commission general power to perform quasi-legislative functions, which delegation has empowered the Commission with the inherent right to exercise discretion in any matter affecting the public interest. However, *Tamiami Trail Tours v. Ga. Pub. Svc. Comm.*, 213 Ga. 418 (99 SE2d 225) (1957) and other cases relied upon by the Commission, involve petitions for Certificates of Public Convenience and Necessity where it is quite clear that the legislature intended to delegate to the Commission discretionary authority to determine what is in the public's best interest. As discussed in Division 1 of this opinion, OCGA § 46-5-23 does not contain a similar grant of discretionary authority; therefore, we do not find that the Commission has been endowed by the legislature with similar inherent discretionary authority to grant or deny ADAD permits.

3. In its third enumeration of error the Commission argues that the denial of appellee's ADAD permit was not unreasonable, arbitrary or capricious because the Commission's decision was based upon its belief that use of ADAD equipment to collect delinquent medical bills is contrary to the public interest. Having determined that the Commission had no express or inherent discretion to deny the ADAD permit in this instance, we can only conclude that the denial of appellee's application was unreasonable. Thus, the order of the trial court reversing the Commission's order and requiring the Commission to issue appellee an ADAD permit was correct.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991.

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, Mark H. Cohen, Senior Assistant Attorney General, David I. Adelman*, for appellant.

*McGee & Oxford, Jack A. Wotton*, for appellee.